SPIRA FOOTWEAR, INC., Plaintiff,

v.

BASIC SPORTS APPAREL,
INC., Defendant.

No. EP–07–CA–129–DB.

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 26, 2008.

Robert Wayne Pritchard, R. Wayne Pritchard, P.C., El Paso, TX, for Plaintiff/Counter Defendant.

Kevin W. Guynn, Greer, Burns and Crain, Ltd., Chicago, IL, Robert A. Skipworth, Attorney at Law, El Paso, TX, for Defendant/Counter Plaintiff.

## *MEMORANDUM OPINION AND ORDER*

DAVID BRIONES, District Judge.

On this day, the Court considered Plaintiff Spira Footwear, Inc.'s "Motion For Summary Judgment Pursuant To Rule 56 FRCP And Brief In Support Thereof," filed in the above-captioned cause on December 10, 2007. On December 21, 2007, Defendant Basic Sports Apparel, Inc. filed a "Response Memorandum In Opposition To Plaintiff's Motion For Summary Judgment." After due consideration, the Court is of the opinion that Defendant's Motion for Summary Judgment should be denied for the reasons that follow.

1. BSA operated its first store at 900 N. Michigan Avenue, Chicago Illinois, over a period of three and-a-half years. Since that time, BSA has had retail stores in Oakbrook Mall, Oakbrook, Illinois; Fox Valley Mall, Aurora, Illinois; Woodfield Mall, Schaumburg, Illinois; Sunland Park Mall, El Paso, Texas; Grapevine Mills Mall, Grapevine, Texas; The Galleria Mall, Houston, Texas; St. Louis Mills Mall, Hazelwood, Missouri; and Colorado Mills Mall, Lakewood, Colorado.

## BACKGROUND

This case concerns an alleged infringement of a federally registered trademark. The cause of action arose when Plaintiff Spira Footwear, Inc. began marketing its shoes and apparel under the name SPIRA. Plaintiff is a Texas corporation and has its principal place of business in El Paso, Texas. Defendant Basic Sports Apparel ("BSA") is incorporated in the State of Texas, and has its principal place of business in El Paso, Texas.

In 1992, Hilel and David Chowaiki began operating BSA as a clothing manufacturer, and sold their products to various wholesale companies. In 1997, BSA launched its own clothing line under the brand name SPIRAL. On June 15, 1997, BSA began selling its clothing line through retail stores under the brand name.[1] At that time, BSA manufactured slippers out of excess material, mainly "Polartec" fabric, and sold these slippers in various sizes and colors. BSA shipped the clothing articles from its warehouse to its retail stores.[2] At the point of sale, BSA issued a register receipt itemizing the amount of each product sold, but did not identify the product.[3]

While managers were selected from within the Chowaiki family, BSA hired numerous employees for its retail operations. David Chowaiki and his mother, Nadia Chowaiki, were the on-site retail managers.[4] Nadia Chowaiki operated the first

2. David Chowaiki witnessed the transfer of the slippers from the warehouse to SPIRAL retail stores. Upon arrival, David Chowaiki assisted in placing the slippers on display.

3. The record is devoid of any invoices evidencing the manufacture or sale of these slippers.

4. Nadia Chowaiki was the manager at the following stores: Fox Valley Mall, Aurora, Illinois; Woodfield Mall, Schaumburg, Illinois; Sunland Park Mall, El Paso, Texas;

store located at 900 N. Michigan Ave, in Chicago, Illinois and continues working in that capacity at different locations. SPIRAL store employee Joyce Graves, sold the slippers at the Chicago, Illinois store from 1998 through 2000. Also, Andres Salcido and Monique Wieder both worked at the SPIRAL store located in El Paso, Texas, and sold the slippers while employed during the years 2001 and 2002. From 2003 to 2004, Eleanor O'Neill sold SPIRAL slippers at the SPIRAL store located at the Galleria shopping mall in Houston, Texas.

On September 17, 1997, BSA applied for a registered trademark with the United States Patent & Trademark Office ("USPTO") for use in connection with various apparel, including shoes.[5] The USPTO approved the application and registered the trademark on January 19, 1999.[6] Then, on January 19, 2005, BSA filed a declaration with the USPTO, stating that it was currently using the trademark in connection with the listed goods. On June 28, 2005, BSA filed a second declaration with the USPTO, indicating that it had been using its registered trademark for five (5) consecutive years on all the listed goods. In 2003, Spira began marketing its shoes and athletic apparel under the brand name SPIRA. Although Spira applied for a registered trademark, the USPTO did not grant a registered trademark.

Plaintiff filed this cause of action on October 27, 2006, in the 168th Judicial District Court of El Paso County claiming that, at no time, had it ever infringed upon Defendant's federally registered trademark SPIRAL. Plaintiff further filed a state-law claim alleging that Defendant vi-olated the Texas Anti–Dilution Statute. Defendant removed the instant case to federal court and filed a counterclaim. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory, actual, and punitive damages; and back pay and interest, costs, and attorney fees. The instant Motion followed.

## STANDARD

Summary judgment should be granted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that requires a fact finder to resolve the truth of the matter, rather than one that is conclusively established. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is inappropriate where a material fact is "genuine" in that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. Thus, the Court considers all the evidence in the record, but makes no determination as to credibility of the evidence. *See id.* Further, the Court views factual questions and inferences in a light most favorable to the nonmovant. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002).

The moving party bears the initial burden of identifying those portions of the pleadings, the discovery, and the disclosure materials on file which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91

Grapevine Mills Mall, Grapevine, Texas; The Galleria Mall, Houston, Texas; St. Louis Mills Mall, Hazelwood, Missouri; and Colorado Mills Mall, Lakewood, Colorado.

**5.** The list consisted of the following apparel: jackets, pullovers, hats, jeans, T-shirts, vests, shorts, underwear, shoes, accessories, socks, gloves, headbands, and scarves.

**6.** The Registration Number is 2218515.

L.Ed.2d 265 (1986). "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995). If the movant meets this burden, however, the nonmovant must designate specific facts showing that a genuine issue for trial exists. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant discharges this burden by alleging more than mere legal conclusions drawn from the pleadings. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (stating the nonmovant may not successfully oppose summary judgment by merely citing the pleadings). Instead, the nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. If the nonmovant fails to make a sufficient showing on an essential element of his case, the movant is entitled to summary judgment, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

## DISCUSSION

■ In its Motion, Plaintiff argues that it did not infringe upon a registered trademark, because BSA never developed a shoe, thereby committing fraud against the USPTO for knowingly submitting a trademark request on an undeveloped product. In the alternative, Spira contends that BSA's slipper does not fall within the definition of a shoe. Finally, Spira maintains that because BSA did not affix a label bearing the SPIRAL trademark on the slipper, BSA cannot claim trademark protection. BSA responds that it did not commit fraud, because sufficient evidence exists to show its manufactured slipper is a type of shoe and that BSA advertised the

slipper under the SPIRAL brand name. The Court finds Plaintiff's arguments unconvincing.

■ A valid trademark exists when a company's mark is "capable of distinguishing the products it marks from those of others." *See Lane Capital Mgmt., Inc., v. Lane Capital Mgmt., Inc.,* 192 F.3d 337, 344 (2d Cir.1999). *See also Sugar Busters, LLC, v. Brennan,* 177 F.3d 258, 267–68 (5th Cir.1999). The trademark must be "used in commerce" and be "placed in any manner on the goods or their containers or the displays associated therewith or on tags or labels affixed thereto." *See* 15 U.S.C.A. § 1127(1)(A). Further, the goods must be sold or transported in commerce. *See* 15 U.S.C.A. § 1127(1)(A). An applicant commits fraud by registering for a trademark when it knowingly makes a false, material representation of fact in connection with its application. *See Torres v. Cantine Torresella,* 808 F.2d 46, 48 (Fed.Cir.1986) (indicating that fraud may occur at the time of the application and at the time of renewal). The trademark of a particular good must be in use at the time of the application. *See id.*

Here, the evidence tends to show that BSA began selling slippers when it commenced business under the name SPIRAL in 1997. While it is true that BSA cannot produce any written documentation that BSA manufactured or sold the slippers, numerous employees sold SPIRAL slippers at various SPIRAL retail stores. First, David Chowaiki observed the slippers as a finished product at BSA warehouses and then assisted in their delivery at SPIRAL retail stores. Next, David Chowaiki physically placed SPIRAL slippers on the store shelves for sale. Finally, several employees distinctly remember selling various colors and sizes of these slippers at many of SPIRAL'S stores from 1997 through 2005. Specifically, beginning

in 1997 and continuing to date, Nadia Cho-waiki, has sold slippers in various sizes and colors. Additionally, four SPIRAL employees personally sold SPIRAL slippers at various stores from 1998 through 2004.

In addition, these employees distinctly remember that price tags reading SPIRAL were affixed to the slippers. Further, at the retail stores, the slippers were advertised on racks identifying the products as SPIRAL goods. Therefore, the Court is of the opinion that Plaintiff has failed to demonstrate that BSA knowingly made a false and material misrepresentation of fact when it applied for the trademark and when it later declared use of its trademark. Thus, the Court finds that a genuine issue of material fact exists as to whether BSA manufactured and sold a shoe under its registered trademark, SPIRAL, and that the instant Motion should be denied.

 In the alternative, Plaintiff avers that a slipper cannot be classified as a shoe. However, Plaintiff does not proffer any legal or factual authority for this argument. To the contrary, BSA proffers a plain interpretation of the term "slippers." According to the dictionary, a slipper is defined as "a low-cut *shoe* that is easily slipped on the foot." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1105 (10th ed.1996) (emphasis added). Although BSA presents strong evidence, the question whether a slipper is a shoe is a fact question based upon the opinion of consumers. The Court cannot make such a determination. Therefore, the Court finds that there exists a genuine issue of material fact as to whether BSA's slipper is, in fact, a shoe. Thus, the Court is of the opinion that the Plaintiff has failed to satisfy its burden as to this point, and that the instant Motion should be denied.

### CONCLUSION

In light of the foregoing, the Court is of the opinion that Plaintiff has failed to satisfy its burden of proof that BSA knowingly made a false and material misrepresentation of fact to when it applied for the trademark and when it later declared use of its trademark. Further, the evidence before the court is sufficient to raise a genuine issue of material fact as to whether BSA manufactured and sold a shoe under the registered trademark SPIRAL. Thus, the Court finds that the instant Motion should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Spira Footwear, Inc.'s "Motion For Summary Judgment Pursuant To Rule 56 FRCP And Brief In Support Thereof" is **DENIED.**